COMMONWEALTH vs. MICHAEL DUBE.

Worcester. September 10, 1992. - November 2, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Evidence*, Hospital record, Intoxication, Blood alcohol test. *Motor Vehicle*, Operating under the influence.

At the trial of a complaint charging the defendant, who had been injured in a motor vehicle accident, with operating a motor vehicle while under the influence of intoxicating liquor, the judge's admission in evidence of a portion of a hospital record showing the defendant's blood alcohol content as determined by a test performed as a routine medical practice in the course of treatment of the defendant following the accident would not violate the defendant's right to confidentiality and privacy protected by G. L. c. 111, § 70E (*b*), G. L. c. 214, § 1B, and G. L. c. 233, § 79. [572-575]

COMPLAINT received and sworn to in the Gardner Division of the District Court Department on July 30, 1990.

On transfer to the jury session of the Fitchburg Division a motion to suppress evidence was heard by *Patrick A. Fox*, J., and questions of law were reported to the Appeals Court by *Timothy S. Hillman*, J. The Supreme Judicial Court transferred the case on its own initiative.

*James J. Gribouski* for the defendant.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. We are presented with the question of the admissibility of a portion of a hospital record that shows a defendant's blood alcohol content as determined by a test performed as a routine medical practice in the course of the treatment of the defendant following a motor vehicle accident. The defendant is charged with operating a motor vehicle while under the influence of intoxicating liquor. A Dis-

trict Court judge reported two questions to the Appeals Court before trial, and we transferred the case here.[1]

The facts presented to us do not instruct us sufficiently on the reason for asking the first question. As a general proposition, relevant evidence given by medical personnel concerning the treatment of a patient is admissible, and no question of confidentiality is raised "pursuant to G.L. c. 233 s. 79." The defendant's brief explicitly acknowledges that the only question of significance before this court is the issue of the admission of the challenged portion of the hospital record.

The parties agreed to these significant facts. At approximately 1:30 A.M. on June 28, 1990, the defendant was involved in a single motor vehicle accident on West Street in Gardner. Because he was injured, the defendant was taken by ambulance to a hospital for medical treatment. The police officers who came to the accident scene concluded that the defendant was under the influence of alcohol. At the hospital, on direction of a physician, "as a routine medical procedure," and solely because the procedure was good medical practice, hospital personnel drew blood from the defendant. The blood serum was tested for its ethanol content, and the result recorded in the hospital record.[2]

---

[1]The two questions are:

"Whether the admission into evidence, over the objection of the Defendant, of testimony of medical personnel concerning the medical treatment of the defendant is violative of the defendant's right to confidentiality of medical records and treatment pursuant to G.L. c. 233 s. 79?

·"Whether the admission into evidence, over the Defendant's objection, of that portion of the defendant's hospital records regarding the results of a blood test performed upon the defendant as a routine medical measure is violative of the defendant's right to confidentiality and privacy pursuant to G.L. c. 111 s. 70E (b), and G.L. c. 214 s. 1B, and G.L. c. 233 s. 79?"

[2]The test was "an ethanol analysis of the serum of the defendant's blood," resulting in a reading of 197 mg/dl (milligrams per decaliter). It seems that the test was similar to that described in *Commonwealth* v. *Sargent*, 24 Mass. App. Ct. 657, 658-659 (1987). A serum test produces a reading which must be converted to the statutory blood alcohol scale. See *id*. Presumably the Commonwealth will offer expert testimony on this point at trial. We shall refer to the test as the "blood test."

The Commonwealth intends to introduce the hospital record at the defendant's trial to show the results of the blood test. The defendant moved before trial that the Commonwealth be precluded from introducing the blood test results. In support of his motion, he alleged rights to confidentiality under the hospital records statute (G. L. c. 233, § 79 [1990 ed.]), the right of privacy stated in G. L. c. 214, § 1B (1990 ed.), and confidentiality granted by the so-called patient's bill of rights (G. L. c. 111, § 70E [b], [1990 ed.]).

The defendant grants before us that the hospital records statute expresses no right to confidentiality but argues that the admission in evidence of the blood test results will violate (1) his "right against unreasonable, substantial or serious interference with his privacy" (G. L. c. 214, § 1B) and (2) his right as a patient of a hospital facility "to confidentiality of all records and communications to the extent provided by law" (G. L. c. 111, § 70E [b]). Neither of these statutes helps the defendant. The admission in evidence of the results of a lawfully administered blood test presents no interference with the defendant's statutorily protected privacy right.[3]

The confidentiality of hospital records provided by G. L. c. 111, § 70E (b), only applies "to the extent provided by law." If, as we shall conclude, the hospital records statute permits the admission of the blood test results, § 70E (b) provides no confidentiality for those records, and the defendant's argument based on the so-called patient's bill of rights must fail.

---

[3]The defendant's argument assumes that the right of privacy statute should be read to bar the admission in evidence in a criminal trial of a fact if its disclosure would interfere unreasonably, substantially, or seriously with the defendant's right of privacy. The parties do not discuss the point. We need not pass on it. This opinion should not be taken to have implicitly endorsed this premise of the defendant's argument.

We are not concerned here with the extrajudicial disclosure of communications between patient and physician which presents a different question. See *Alberts* v. *Devine*, 395 Mass. 59, 65-69, cert. denied sub nom. *Carroll* v. *Alberts*, 474 U.S. 1013 (1985). Massachusetts, moreover, has no general statutory physician-patient privilege. See *Bratt* v. *International Business Machs. Corp.*, 392 Mass. 508, 522 n.22 (1984).

The defendant argues, although only briefly, that the hospital records statute should not be read to permit the introduction of the blood test results. Section 79 of G. L. c. 233 permits the admission in evidence, in the judge's discretion, of certified hospital records "so far as such records relate to the treatment and medical history" with the proviso that "nothing therein contained shall be admissible as evidence which has reference to the question of liability." Massachusetts opinions have assumed without discussion that the proviso's reference to "liability" encompasses criminal "culpability." See *Commonwealth* v. *Gogan*, 389 Mass. 255, 263 (1983); *Commonwealth* v. *Concepcion*, 362 Mass. 653, 655-656 (1972); *Commonwealth* v. *Atencio*, 12 Mass. App. Ct. 747, 751-752 (1981). See also *Commonwealth* v. *Lannon*, 364 Mass. 480, 484 (1974), noting that this court has never expressly held that the liability referred to in the hospital record statute comprehended guilt of a crime.

The statute has long been construed to permit the admission of a record that relates directly and primarily to the treatment and medical history of the patient, "even though incidentally the facts recorded may have some bearing on the question of liability." *Leonard* v. *Boston Elevated Ry.*, 234 Mass. 480, 482-483 (1920). This construction of the statute has been called a "liberal interpretation." *Commonwealth* v. *Franks*, 359 Mass. 577, 579 (1971). In application this liberal construction has permitted the admission in evidence of statements in hospital records bearing on criminal culpability that seem to relate at most only incidentally to medical treatment. See *Commonwealth* v. *Rembiszewski*, 363 Mass. 311, 317-318 (1973) (defendant's statement to admitting clerk that he had been beaten up), *S.C.*, 391 Mass. 123 (1984); *Commonwealth* v. *Concepcion*, *supra* at 654-656 (examining physician's notation "? Assaulted — ? Raped"); *Commonwealth* v. *Franks*, *supra* at 578-580 (results of test for pres-

ence of sperm on alleged rape victim, performed only for purpose of court appearances).[4]

For more than a decade the Appeals Court has ruled proper, pursuant to G. L. c. 233, § 79, the admission of hospital records for the purpose of showing that a criminal defendant had consumed intoxicating liquor shortly before events that led to a charge of operating a motor vehicle while under the influence of intoxicating liquor. See *Commonwealth v. Russo*, 30 Mass. App. Ct. 923, 925-926 (1991) (results of blood test conducted as part of hospital routine, showing high blood alcohol content, properly admitted); *Commonwealth v. Sargent*, 24 Mass. App. Ct. 657, 660-661 (1987) (same); *Commonwealth v. Riley*, 22 Mass. App. Ct. 698, 700-701 (1986) (results of blood test ordered by physician to assist in determining defendant's medical condition, admissible). Cf. *Commonwealth v. Atencio*, 12 Mass. App. Ct. 747, 751-752 (1981) (prosecutor did not err in arguing to jury that hospital record stated that defendant had strong odor of alcohol). We agree with the Appeals Court's treatment of the admissibility of hospital record information purporting to show objectively a defendant's blood alcohol content. The legislative proviso concerning evidence relating to liability should not be read to bar the admission of relevant evidence obtained in a hospital as a result of physician-ordered tests and appearing in the hospital record.[5]

---

[4]These interpretations of § 79 received the apparent approval of the Legislature when, after these opinions were released, it amended § 79 (see St. 1974, c. 225) without changing the relevant language. Compare *Andover Sav. Bank v. Commissioner of Revenue*, 387 Mass. 229, 240-241 (1982).

[5]In none of the Appeals Court cases just cited did the defendant argue that, if the evidence was admissible, it was not admissible to prove his culpability. Nor did any defendant argue that the judge should have given the jury a limiting instruction. Indeed, it is difficult to imagine any issue other than guilt to which such evidence would be relevant. Some of our opinions in civil cases have indicated that such a limiting instruction could or should be given. See *Bouchie v. Murray*, 376 Mass. 524, 531 (1978); *Leonard v. Boston Elevated Ry.*, 234 Mass. 480, 483 (1920). But see *Bilodeau v. Fitchburg & Leominster St. Ry.*, 236 Mass. 526, 540 (1920). The question whether limiting instructions are required is not before us

We conclude, therefore, that the admission of the portion of the hospital record disclosing the results of the blood test is permitted under G. L. c. 233, § 79, in the discretion of the trial judge. We, therefore, answer "no" to the second reported question. We have no basis, for the reasons stated, for answering the first reported question beyond what we have said.

---

because no trial has yet been held. We would not, however, impose a requirement that a limiting instruction be given to the jury at least where, as here, the information in the hospital record is an objective measure of a criminal defendant's physical condition obtained on direction of a physician and pursuant to routine hospital procedures. A trial judge does, however, have discretion to give a limiting instruction when, in the judge's view, a statement or opinion in a hospital record should not be considered on a particular factual issue. See *Diaz* v. *Eli Lilly & Co.*, 14 Mass. App. Ct. 448, 455 (1982).