NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11915


COMMONWEALTH  vs.  MARWAN M. ALMELE.


July 12, 2016.


Controlled Substances.  Evidence, Expert opinion.  Witness,
     Expert.  Practice, Criminal, Objection, Motion in limine,
     Striking of testimony.


A jury in the District Court convicted the defendant of
possession of a class B controlled substance, in violation of
G. L. c. 94C, § 34; and possession of class B and C controlled
substances with intent to distribute, in violation of G. L.
c. 94C, §§ 32A (a) and 32B (a), respectively.  The Appeals Court
affirmed the convictions, see Commonwealth v. Almele, 87 Mass.
App. Ct. 218 (2015), and we allowed the defendant's application
for further appellate review.

Prior to the start of the trial, the Commonwealth filed a
motion in limine seeking to introduce the opinion testimony of a
police officer, Lieutenant Dennis Ledo, as an expert witness.
The defendant objected to allowing Ledo to testify on the basis
that the "expert opinion" that Ledo would offer was within the
jury's common knowledge, and that any such testimony would be
more prejudicial than probative.  At the conclusion of the voir
dire hearing on the motion, the judge ruled that he would allow
Ledo to testify as an expert.  The judge then noted "for the
record" the defendant's objection for "the reasons as stated [by
the defendant] plus any other reasons" and further stated that
he was "preserving" the defendant's objection "even during the
trial . . . so, we don't get into that situation where the
Appellate Court reviews . . . [under] a heightened standard
because there was no objection."

At trial, the prosecutor initially asked Ledo, hypothetically and on the basis of his training and experience, what significance it would have to him if a person had in his or her possession a certain quantity of prescription drugs packaged in a specific way.  The defendant objected.  The judge noted the objection and then gave the jury a detailed explanation of expert testimony, its purpose, and how the jury might consider that testimony.  The prosecutor then resumed questioning Ledo, and again asked for his opinion.  Ledo responded that his "opinion was that the . . . drugs that were found on the [d]efendant were intended for distribution."  Although the defendant objected to the initial question from the prosecutor that led to this testimony, he did not move to strike Ledo's answer as improper.  Cf. Commonwealth v. Womack, 457 Mass. 268, 272-273 (2010), and cases cited; Commonwealth v. Cancel, 394 Mass. 567, 571 (1985).

In his appeal, the defendant argues, among other things, that Ledo impermissibly offered an opinion as to the defendant's guilt.  On the basis that the defendant did not "properly preserve[] his claim that the Commonwealth's drug expert erroneously intruded on the jury's function by offering his opinion of the defendant's guilt," the Appeals Court reviewed the claim "to determine whether a substantial risk of a miscarriage of justice was created," rather than to determine whether, as the defendant argued, the error was prejudicial.  Almele, 87 Mass. App. Ct. at 224.  We agree with the Appeals Court that the defendant did not preserve the particular error about which he now complains, and that the error should therefore be reviewed to determine whether it created a substantial risk of a miscarriage of justice.

In Commonwealth v. Grady, 474 Mass.    ,     (2016), which we also decide today, we elaborate on the circumstances in which a defendant's objection made in the context of a motion in limine might excuse the need for a contemporaneous objection at trial.  As we state in Grady, we will no longer distinguish between pretrial objections made on constitutional grounds and those made on other grounds -- an objection made in a motion in limine, regardless of its basis, will preserve a defendant's appellate rights regardless of whether the defendant objects at trial.  A significant limitation on the preservation of rights remains, however:  if a defendant fails to object to the admission of certain evidence at trial, his or her appellate rights are only "preserved" if the specific issue at trial was the same issue at the motion in limine stage.  See id. at    . The better practice, therefore, is for a defendant to object at

trial even if he or she has already raised an objection prior to trial.

Additionally, and again as detailed in Grady, we caution judges against "preserving" or "saving" a defendant's rights at the motion in limine stage because doing so runs the risk of lulling a defendant into not voicing a necessary objection at trial. Here, the defendant's "preserved" objection went to whether Ledo should be allowed to testify, i.e., whether expert evidence was necessary and more probative than prejudicial. The objection at the motion stage was not to the specific testimony that Ledo might offer, but rather to him being allowed to testify at all. See Grady, 474 Mass. at    . Against that backdrop, it is reasonable to believe that when the judge stated that he was "preserving" the defendant's objection, and noted that he was doing so "in the event something happens and [an objection at trial] doesn't occur," he intended only that the defendant need not object, generally, at trial, to Ledo being called to testify as an expert. The judge's statement cannot reasonably have been understood to mean that the defendant was being excused from objecting to any and all objectionable aspects of Ledo's testimony as it might unfold at trial.

This is further demonstrated by the judge's instruction to the jury at the time of Ledo's trial testimony, an instruction that went to the nature and need for expert opinion testimony in general. The judge, in other words, was addressing the issue of Ledo testifying at all, not the specifics of that testimony. Additionally, the judge's indication, at the motion in limine stage, that the judge was "preserving" the defendant's rights did not lull the defendant into thinking that he need not object -- he did object, when the prosecutor asked for Ledo's opinion, and the judge rightly overruled the objection because the question was not improper. What the defendant failed to do, however, was to move to strike the very testimony that, on appeal, he argues was improper -- Ledo's answer, which impermissibly offered an opinion as to the defendant's guilt.

We have thus reviewed the error to determine whether it created a substantial risk of a miscarriage of justice, and, for essentially the reasons set forth in the Appeals Court's opinion, we too conclude that the error in question did not create such a risk.[1] As to the other issues raised by the defendant, we also hold, again for the reasons given in the

---

[1] Even were we to review the claimed error to determine whether it was prejudicial, the defendant would fare no better.

Appeals Court's opinion, that there was no error in permitting the jury to consider certain statements as made during the course of the joint venture, and that the evidence was sufficient to permit a finding that the defendant had engaged in that joint venture.

Judgments affirmed.

Patrick A. Michaud for the defendant.
Shoshana E. Stern, Assistant District Attorney, for the Commonwealth.