NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11983

COMMONWEALTH  vs.  SARAH C. ACKERMAN.


April 5, 2017.


Supreme Judicial Court, Superintendence of inferior
     courts.  Evidence, Medical record, Blood alcohol
     test.  Constitutional Law, Confrontation of
     witnesses.  Motor Vehicle, Operating under the
     influence.  Practice, Criminal, Confrontation of witnesses,
     Interlocutory appeal.


     The defendant, Sarah C. Ackerman, appeals from a judgment
of a single justice of the county court allowing the
Commonwealth's petition pursuant to G. L. c. 211, § 3.  We
affirm.

     Ackerman was charged in a complaint with operating while
under the influence of intoxicating liquor, second offense,
pursuant to G. L. c. 90, § 24 (1) (a) (1), and a marked lanes
violation, pursuant to G. L. c. 89, § 4A.  The charges resulted
from a single vehicle accident in which the vehicle that
Ackerman was driving struck a utility pole and rolled over.
After the accident, Ackerman was transported to the hospital
where medical personnel administered several computerized
tomography (CT) scans and conducted several tests, including a
blood alcohol test.  Although Ackerman recognizes that medical
records are generally admissible pursuant to G. L. c. 233, § 79,
she filed a motion in limine to exclude evidence of the blood
alcohol test from those records based on her right to
confrontation under the Sixth Amendment to the United States
Constitution.  A judge in the District Court allowed the motion
and later denied the Commonwealth's motion for reconsideration.
The Commonwealth then asked a different judge to "review and
overrule" the decision.  The second judge declined, but did

allow the Commonwealth's request to stay the proceedings until the following day to allow the Commonwealth time "to appeal [from the] in limine ruling."  The Commonwealth filed its G. L. c. 211, § 3, petition that same day, and on the following day, a single justice allowed it without a hearing.[1]

As Ackerman correctly notes, the fact that the Commonwealth does not have any other remedy does not make review pursuant to G. L. c. 211, § 3, automatic, and this court rarely allows Commonwealth appeals from interlocutory rulings.
See Commonwealth v. Narea, 454 Mass. 1003, 1004 n.1 (2009), and cases cited.  It is equally true, however, that a single justice has the discretion to address the merits of any such petition and that "we will not disturb the judgment absent an abuse of discretion or clear error of law."  See id. at 1004.  There is no such abuse of discretion or clear error of law here.

Pursuant to well-established Massachusetts law, G. L. c. 233, § 79, "permits the admission in evidence, in the judge's discretion, of certified hospital records 'so far as such records relate to the treatment and medical history'" of the patient.  Commonwealth v. Dube, 413 Mass. 570, 573 (1992), quoting G. L. c. 233, § 79.  We construe the statute liberally; "[t]hus, a 'record which relates directly and mainly to the treatment and medical history of the patient, should be admitted, even though incidentally the facts recorded may have some bearing on the question of liability.'"  Commonwealth v. Dargon, 457 Mass. 387, 394 (2010), quoting Commonwealth v. DiMonte, 427 Mass. 233, 242 (1998).  If, in short and as is relevant here, the blood alcohol test administered to Ackerman was "performed as a routine medical practice in the course of

---

[1] After the judgment allowing the Commonwealth's petition, the defendant filed a memorandum in the full court pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule applies only when a single justice "denies relief from a challenged interlocutory ruling in the trial court."  Id.  It does not apply here, where the single justice granted relief. We therefore issued an order, after the defendant filed her memorandum, stating that the appeal "may proceed in the regular course in accordance with the Massachusetts Rules of Appellate Procedure."  The single justice's ruling was a final judgment from which an appeal may be taken to the full court.  See Commonwealth v. Clark, 454 Mass. 1001, 1001 (2009), citing McMenimen v. Passatempo, 452 Mass. 178, 191 (2008).  The Commonwealth's arguments to the contrary notwithstanding, the defendant's appeal is entirely proper.

the treatment of the defendant following a motor vehicle accident," Dube, supra at 570, then the evidence related to the test is admissible.

At the hearing on Ackerman's motion in limine to exclude the blood alcohol test evidence, the trial court judge noted that "with regard to the medical tests that were done, there [are] references to reasons why [the medical personnel at the hospital] ordered . . . some other testing. . . . There is no reason stated anywhere in the medical records . . . as to why they ordered the blood alcohol test." It may well be that the medical records do not expressly state why the blood alcohol test was administered. That test, however, was just one of a battery of tests and CT scans that medical personnel performed in the course of treating Ackerman. She had been in a single vehicle accident; a police officer who responded to the scene of the accident had reason to believe that Ackerman was intoxicated; and numerous entries in her medical record similarly so indicate. Because Ackerman was agitated and unable to remain still while medical personnel were treating her, she was administered Ativan, a sedative. In the circumstances, it is clear on this record that the blood alcohol test was merely one of a number of tests conducted as a part of assessing the condition of and treating the patient as presented. Indeed, it is eminently logical that, as the Commonwealth suggests, medical personnel would need to know whether Ackerman was intoxicated prior to administering this medication to her.

The single justice did not err or abuse his discretion in vacating the trial judge's order allowing the motion in limine and in ordering that the blood alcohol test evidence is admissible.

Judgment affirmed.

Andrea C. Harrington for the defendant.
Megan L. Rose, Assistant District Attorney (Joseph A. Pieropan, Assistant District Attorney, also present) for the Commonwealth.