A District Court jury convicted the defendant, Jeffrey W. Barila, of operating under the influence of intoxicating liquor.[2] On appeal, the defendant claims that the judge erred by allowing in evidence (1) portions of his hospital records; (2) bad character and propensity evidence; and (3) a photograph depicting bottles of alcohol. The defendant also contends that the prosecutor argued facts not in evidence during his closing argument. We affirm the conviction.
Discussion. 1. Medical records. Prior to trial, Barila filed a motion in limine in which he sought to exclude certain portions of his medical records. Specifically, Barila requested that references in the medical reports indicating the speed his car was traveling prior to the accident, that he was unrestrained at the time of the accident, that he needed to be extricated from his car, that he had consumed four beers prior to the accident and that he was suffering from "drug withdrawal syndrome-alcohol" be redacted. After a hearing, the motion judge denied Barila's motion, ruling that the challenged portions of the medical records "primarily related to [the] defendant's obtaining medical treatment and only incidentally related to the question of liability."
The defendant maintains that the references in the medical records to the details of the accident and the number of beers he consumed should have been excluded because "it is not clear from whom or how" the information of these details was obtained. Consequently, the defendant argues, these statements constitute unreliable hearsay. We conclude there was no error because the statements were admissible whether they were obtained from Barila or from other likely sources such as the emergency personnel that transported Barila from the accident scene.
"Records kept by hospitals ... may be admitted ... as evidence in the courts of the [C]ommonwealth so far as such records relate to the treatment and medical history of such cases." G. L. c. 233, § 79. "[W]e have considered the contents of hospital records to be reliable, 'because the entries relating to treatment and medical history are routinely made by those responsible for making accurate entries and are relied on in the course of treating patients.' " Commonwealth v. Irene, 462 Mass. 600, 612 (2012), cert. denied, 568 U.S. 968 (2012), quoting Doyle v. Dong, 412 Mass. 682, 685 (1992). "[T]he patient's own account of his medical history generally would be admissible because of the presumptive reliability of the patient's statement to a physician consulted for treatment." Bouchie v. Murray, 376 Mass. 524, 529 (1978).[3] Additionally, even if emergency personnel relayed the information to the hospital, the statements would be admissible since the information related to circumstances surrounding his injuries. The statute "permits the introduction of records containing even second level hearsay provided the information in the record is of a nature that is relied on by medical professionals in administering health care." Commonwealth v. Johnson, 59 Mass. App. Ct. 164, 167 (2003). The circumstances of how Barila's injuries occurred are "important factors that would have direct bearing on his treatment at the hospital." Commonwealth v. Cole, 473 Mass. 317, 324 (2015).
Likewise we conclude there was no error in the judge's ruling that the records related to Barila "obtaining medical treatment and only incidentally related to the question of liability." General Laws c. 233, § 79, "has long been construed to permit the admission of a record that relates directly and primarily to the treatment and medical history of the patient, 'even though incidentally the facts recorded may have some bearing on the question of liability.' " Commonwealth v. Dube, 413 Mass. 570, 573 (1992), quoting Leonard v. Boston Elevated Ry., 234 Mass. 480, 482-483 (1920). "In application this liberal construction has permitted the admission in evidence of statements in hospital records bearing on criminal culpability that seem to relate at most only incidentally to medical treatment." Dube, 413 Mass. at 573. Here, Barila was brought to the hospital with a head injury. Thus, information regarding the nature of the accident, including the speed of the vehicle and consumption of alcohol, were important facts that could influence Barilla's treatment at the hospital. See Cole, 473 Mass. at 324 (facts relating to how injury occurred are important factors that would have effect on treatment at hospital). Furthermore, "[i]n OUI cases, we have consistently approved the admission of medical records to show that a criminal defendant has consumed intoxicating liquor shortly before events that led to the defendant's arrest." Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 727-728 (2016).
A somewhat closer question is presented with respect to the reference in the medical record to "drug withdrawal syndrome-alcohol." Barila argues that this entry was more prejudicial than probative since it "is wholly related to liability" and should have been excluded.
"The weighing of probative value versus prejudicial effect of evidence in the context of a trial is an issue left particularly to the discretion of the trial judge." Commonwealth v. Rosa, 468 Mass. 231, 242 (2014). That determination is "not disturbed absent palpable error." Commonwealth v. Spencer, 465 Mass. 32, 48 (2013), quoting Commonwealth v. Sylvia, 456 Mass. 182, 192 (2010). As noted above, "[ G. L. c. 233, § 79,] has long been construed to permit the admission of a record that relates directly and primarily to the treatment and medical history of the patient, 'even though incidentally the facts recorded may have some bearing on the question of liability." Dube, 413 Mass. at 573, quoting Leonard, 234 Mass. at 482-483. The entry in question appears as a medical observation or diagnosis and not a legal conclusion. See Commonwealth v. Torres, 479 Mass. 641, 654 (2018). Here, we discern no error in the judge's determination that the medical entry in Barila's "progress record" was admissible since it related primarily to medical treatment of the defendant. Accordingly, the judge did not abuse his discretion in admitting the medical records in evidence.
2. Bad character and propensity evidence. Barila next contends that the judge improperly allowed the prosecutor to introduce evidence relating to his bad character and propensity. Barila's medical expert, Dr. O'Donnell, provided testimony on direct examination on the meaning of the term "drug withdrawal syndrome-alcohol." During cross-examination, O'Donnell was asked whether only people who drink frequently suffer from alcohol withdrawal, and O'Donnell answered that "[m]ostly people who drink frequently" suffer from withdrawal symptoms. Barila maintains that the testimony from O'Donnell in response to the prosecutor's inquiry allowed the jury to believe Barila was an alcoholic and allowed the jury to conclude that he must have been drinking on the day of the accident. Barila's counsel objected to the prosecutor's question; however, there was no ruling from the judge, and the defense counsel made no motion to strike O'Donnell's answer. We review for substantial risk of a miscarriage of justice. See Commonwealth v. Almele, 474 Mass. 1017, 1018 (2016) (claim not properly preserved where defendant does not move to strike answer as improper).
Here, the prosecutor asked only one question regarding this issue and did not refer to the point in her closing. Even if we were to assume that O'Donnell's response should have been stricken, given the strength of the evidence against Barila, we are confident that O'Donnell's answer was not likely to have influenced the verdict, and the jury would have reached the same result even without the response. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 390 (2017) (no substantial risk of miscarriage of justice where improper opinion testimony about defendant's impaired ability to operate motor vehicle outweighed by overwhelming evidence of diminished capacity). Accordingly, there has been no substantial risk of a miscarriage of justice.
3. Photograph of two bottles of alcohol. Next, Barila claims the judge erred by allowing in evidence a photograph of two bottles of alcohol taken after the bottles were removed from his car. Barila claims the scale of the photograph made it prejudicial because the bottles were made to look very large and the jury had "no good way of knowing just how much alcohol could be or was present in those bottles."
In ruling on the admissibility of the photograph, the trial judge is given great latitude and discretion in weighing its probative value versus its prejudicial effect, and we uphold a judge's decision unless it is palpably wrong. Rosa, 468 Mass. at 242. Barila's argument that the scale of the photograph made it prejudicial is without merit. The photograph of the bottles of alcohol on the hood of the car showed that one bottle was empty and that some of the alcohol was missing from the second bottle. The photograph was more probative than prejudicial, and the judge committed no abuse of discretion in admitting it.
4. Prosecutor's closing argument. Barila maintains that it was improper for the prosecutor to argue in her closing that there was "no indication of another car being involved through the investigation." Because there was no objection at trial, we review these claims for error and, if there was error, for a substantial risk of a miscarriage of justice. Commonwealth v. Rivera, 91 Mass. App. Ct. 796, 801 (2017).
Although "prosecutor[s] may not misstate evidence or refer to facts not in evidence in a closing argument," Commonwealth v. Goddard, 476 Mass. 443, 449 (2017), they are entitled "to marshal the evidence and suggest inferences that the jury may draw from it." Commonwealth v. Drayton, 386 Mass. 39, 52 (1982). Here, the prosecutor did just that. The evidence at trial included that the police were investigating a one-car accident, Barila's car crossed the double yellow lines, drove forty-six feet off the road without braking, and collided head-on into a tree. Further, the investigating officer testified that other vehicles at the scene were "not involved" in the crash.[4] There was no error in the prosecutor commenting that there was "[n]o indication of another car being involved."
In any event, even if the prosecutor's argument went too far, we are confident that it did not have an impact on the verdict. Closing argument is argument, not evidence, and jurors are presumed to be capable of discounting excessive claims. Moreover, the judge in this case directly instructed the jurors not to credit statements made by counsel if such statements did not coincide with the jurors' recollection of the evidence. See Commonwealth v. Kozec, 399 Mass. 514, 517 (1987).
Judgment affirmed.

Following the conviction, Barila pleaded guilty to the third offense portion of the complaint.

A statement made by Barila would also be admissible as a statement of a party-opponent. See Mass. G. Evid. § 801(d)(2)(A) (2018).

We note that although the defendant's objections to this line of questions were sustained, the officer answered the questions, and the defense attorney did not move to strike the answers.