NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-330                                          Appeals Court

COMMONWEALTH  vs.  FELIX S. MORENO.

No. 22-P-330.

Middlesex.     December 13, 2022. – February 23, 2023.

Present:  Green, C.J., Meade, & Blake, JJ.


Motor Vehicle, Operating under the influence, Operating to
    endanger.  Reckless Endangerment of a Child.  Alcoholic
    Liquors, Motor vehicle.  Evidence, Field sobriety test,
    Opinion.  Practice, Criminal, New trial, Assistance of
    counsel, Question by jury, Instructions to jury, Witness.
    Witness, Expert.


    Complaint received and sworn to in the Concord Division of
the District Court Department on August 29, 2016.

    The case was tried before Lynn C. Brendemuehl, J., and a
motion for a new trial was heard by her.


    MarySita Miles for the defendant.
    Chia Chi Lee, Assistant District Attorney, for the
Commonwealth.


    MEADE, J.  After a jury trial, the defendant was convicted

of operating a motor vehicle while under the influence of

intoxicating liquor (OUI), third offense,[1] and child endangerment while OUI.  On appeal from the judgments and from the order denying his motion for a new trial, the defendant claims that (1) the judge erred by permitting the arresting officer to use the phrase "sobriety test" during his testimony and for permitting the officer to describe his training and experience in administering those tests, and (2) his trial counsel provided ineffective assistance by not objecting to a jury instruction on the lack of breathalyzer evidence.  We affirm.

Background.  We summarize the facts as the jury could have found them.  See Commonwealth v. Sands, 424 Mass. 184, 185 (1997).  At approximately 12:30 A.M. on August 28, 2016, Sergeant Kevin Monahan of the Concord police department saw a Jeep Cherokee and a GMC Yukon pulled over in a breakdown lane on Route 2 in Concord.  Seeing that the Jeep's hazard lights were on, Sergeant Monahan stopped and discovered that the two vehicles had collided.  The defendant was the driver of the Yukon, his girlfriend was a passenger, and their two year old daughter was in the back seat.  The collision happened when the defendant stopped behind the Jeep at a red light.  When the light turned green, the Jeep did not move immediately, but the

---

[1] After a jury trial on the underlying charge, the third offense portion of the charge was heard by the judge.

defendant accelerated anyway, and the Yukon collided with the rear passenger side of the Jeep.

Sergeant Monahan asked the defendant where his car was damaged, and the defendant pointed to the wrong side of the car. The sergeant noticed the defendant's eyes were bloodshot and glassy, he walked unsteadily, and his breath had an odor of alcohol. He then asked the defendant to complete three field sobriety tests. Before the tests, the defendant stated that he understood English, and that he was not impaired by any medication or physical condition. Nevertheless, the defendant failed all three tests: he listed only five letters when asked to recite the alphabet,[2] he could not stand with one foot raised while counting to thirty, and he was unable to walk nine steps heel-to-toe without stumbling. The defendant did not explain why he could not recite the alphabet, but he did state that he had a bad hip that caused him to fail the one-legged stand test.

Before trial, the defendant filed a motion in limine to prevent the Commonwealth's witnesses from using the phrase "sobriety test," arguing that it transforms a lay opinion into an expert opinion. The judge denied the motion. During the trial, Sergeant Monahan testified that he had been trained in OUI investigations at the police academy, including in

---

[2] The defendant could only recite five letters -- A, B, C, T, and Z -- and then stopped.

administering field sobriety tests. He explained that he was trained to look for physical signs that a person is impaired by alcohol, such as bloodshot or glassy eyes, slurred speech, an odor of alcohol, and poor balance. Sergeant Monahan also described what field sobriety tests are, his experience in administering them, and how the defendant performed on the tests. He testified that he formed the opinion that the defendant was intoxicated based on the defendant striking another car, failing to complete the field sobriety tests, and having physical symptoms such as slurred speech, poor balance, and bloodshot eyes.[3]

On the first day of deliberations, the jury sent a question to the judge inquiring why there had been no breathalyzer test evidence. The judge told defense counsel and the Commonwealth that she intended to respond with two instructions: a reminder to the jury to decide the facts solely based on the evidence at trial,[4] and an instruction pursuant to Commonwealth v. Downs, 53 Mass. App. Ct. 195, 198 (2001) (Downs instruction), on the

---

[3] The defendant also testified at trial, in English, having declined an interpreter. He testified that he did not study the alphabet as a child, could only read a little, and was unable to write.

[4] The judge told the jury to imagine all the trial evidence in a box and that they should remain inside that box when deciding the case, and to avoid guesswork, speculation, or conjecture.

absence of breathalyzer evidence.  Both defense counsel and the

Commonwealth agreed to the judge's proposed response.  The judge

delivered the Downs instruction as follows:

> "You are not to mention or consider in any way whatsoever, either for or against either side, that there is no evidence of a breathalyzer.  You may not speculate or guess about it because there is no evidence about it.  Do not consider that in any way.  Do not mention it and put it completely out of your mind."

The defendant moved for a new trial, claiming his trial

counsel provided ineffective assistance by failing to consult

him before agreeing to the Downs instruction.  The motion judge,

who was also the trial judge, denied the motion.

Discussion.  1.  Sobriety test testimony.  We review the

judge's decision to permit the sergeant to use the phrase

"sobriety test" for prejudicial error because the defendant's

motion in limine preserved the issue.  See Commonwealth v.

Canty, 466 Mass. 535, 544-545 (2013).  However, the defendant's

claim relative to the sergeant's testimony regarding his

training and experience was not properly preserved, so we review

to determine if there was error, and if so, whether it created a

substantial risk of a miscarriage of justice.[5]  See Commonwealth

v. Bonds, 445 Mass. 821, 828 (2006) (issue not preserved where

---

[5] The defendant's motion in limine did not mention testimony about the sergeant's training and experience.  Defense counsel objected to the testimony during trial but did not specify the grounds for the objection.  This did not preserve the claim. See Commonwealth v. Almele, 474 Mass. 1017, 1018 (2016).

testimony was objected to at trial but on different grounds than those asserted on appeal). As discussed below, we conclude there was no error.

The defendant claims the phrase "sobriety test," when combined with an officer's description of his training and experience, transforms the officer's testimony from a lay opinion to an expert opinion. We disagree. "[A]n opinion regarding a defendant's sobriety is a lay opinion," and a police officer may testify as a non-expert witness to a defendant's "apparent intoxication" (citation omitted). Canty, 466 Mass. at 541. "[T]ypical field sobriety tests do not supply the basis for a scientific opinion about whether a person is under the influence of alcohol or the level of intoxication." Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 n.5 (2015). Instead, field sobriety tests permit an officer to observe whether a person has lost or diminished balance, coordination, or mental acuity due to intoxication. See Commonwealth v. Brown, 83 Mass. App. Ct. 772, 774 n.1 (2013). Because a lay juror understands the effects of intoxication, an officer's observations of a defendant's behavior during a sobriety test remain within the realm of common experience. See id., citing Sands, 424 Mass. at 188. See also Mass. G. Evid. § 701 (2022) (non-expert testimony admissible if based on witness perceptions, helpful to jury's understanding of facts, and "not

based on scientific, technical, or other specialized knowledge").

In Canty, the Supreme Judicial Court observed that "a prosecutor who elicits from a police officer his or her special training or expertise in ascertaining whether a person is intoxicated risks transforming the police officer from a lay witness to an expert witness on this issue." Canty, 466 Mass. at 541 n.5. Here, however, the prosecutor properly elicited the sergeant's testimony regarding his training and experience in OUI investigations, including field sobriety tests. Indeed, the sergeant's opinion was based on his observations that the defendant collided with another car and showed several physical signs of intoxication. Relative to the field sobriety tests, the defendant could not recite the alphabet, could not stand with one foot raised while counting to thirty, and could not walk nine steps heel-to-toe without stumbling. What the sergeant observed, both before and during the sobriety tests, was within the scope of a juror's common experience of intoxication. See Rarick, 87 Mass. App. Ct. at 353 n.5. See also Brown, 83 Mass. App. Ct. at 774 n.1 ("The testimony of a police officer about the results of ordinary field sobriety tests like those involved in this case . . . is lay witness testimony, not expert witness testimony"). Cf. Commonwealth v. Matta, 483 Mass. 357, 366 n.8 (2019) ("ordinarily, when an

officer relies on his or her training and experience to draw an inference or conclusion about an observation made, the officer must explain the specific training and experience that he or she relied on and how that correlates to the observations made"). The observations therefore do not form the basis for scientific conclusions, and this is not a case where the sergeant's description of his training and experience transformed his testimony into an expert opinion. Cf. Canty, supra.

Relying on a dissenting opinion from one of our prior decisions, the defendant asserts that the judge should have done more to ensure that the jury did not mistake the lay testimony for expert testimony. See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 399 (2017) (Agnes, J., dissenting). However, a dissent is just that, and it lacks any binding precedential value. In any event, other than both cases involving OUI charges, this case is not similar to Gallagher. There, we concluded that an officer's testimony that the defendant "was impaired to operate a motor vehicle" was improper because it commented on the defendant's guilt or innocence. Id. at 389. In Canty, the Supreme Judicial Court similarly concluded that an officer improperly commented on the ultimate issue in the case by stating that alcohol diminished the defendant's ability to drive. See Canty, 466 Mass. at 544. However, both the Supreme Judicial Court in Canty and this court in Gallagher reasoned

that the improper testimony did not prejudice the defendant, in part because in each case the judge adequately instructed the jury that they alone were to determine the defendant's guilt or innocence. See Canty, supra at 545; Gallagher, supra at 390. In this case, the testimony was proper, and the judge provided the appropriate instructions to the jury.[6] No further guidance on the distinction between lay and expert opinion evidence was required. There was no error.[7]

2. Ineffective assistance. We review the denial of a motion for a new trial "to determine whether there has been a

---

[6] The judge instructed the jury that they should decide whether to accept, reject, or assign any weight to the opinion testimony and the sobriety test evidence, and ultimately, that they alone were to decide whether the defendant was intoxicated.

[7] For the first time on appeal, the defendant also claims that the prosecutor's unobjected-to closing argument, which described the sergeant's training and experience in administering field sobriety tests, transformed the sergeant's opinion into that of an expert. We disagree. The prosecutor's argument merely laid out how the sergeant was trained in the administration of field sobriety tests, what the indicators of intoxication may be, and that the sergeant had nineteen years of experience. This was especially appropriate after defense counsel attempted to discredit the sergeant's credibility by arguing that the sergeant had seen a late-night accident, smelled alcohol, and simply made "an assumption" regarding the defendant's intoxication. See Commonwealth v. Kee, 449 Mass. 550, 560 (2007). See also Commonwealth v. Thomas, 401 Mass. 109, 116 (1987) ("Where credibility is at issue, it is certainly proper for counsel to argue from the evidence why a witness should be believed"). At bottom, the prosecutor's argument did not risk transforming the sergeant from a lay witness to an expert witness. See Canty, 466 Mass. at 541 n.5. There was no error, and thus, no risk that justice miscarried.

significant error of law or other abuse of discretion."
Commonwealth v. Grace, 397 Mass. 303, 307 (1986). We give
particular deference to the decision of a motion judge who was
also the trial judge. See id. Where the defendant claims
ineffective assistance of counsel, a new trial is warranted only
if the defendant shows that "there has been serious
incompetency, inefficiency, or inattention of counsel --
behavior of counsel falling measurably below that which might be
expected from an ordinary fallible lawyer -- and, if that is
found, then, typically, whether it has likely deprived the
defendant of an otherwise available, substantial ground of
defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Regarding the second prong of the Saferian analysis, "the
defendant is entitled to a new trial if there is a substantial
risk of a miscarriage of justice arising from counsel's
failure." Commonwealth v. Millien, 474 Mass. 417, 432 (2016).

The defendant claims that his trial counsel was ineffective
by failing to consult him before the judge provided the Downs
instruction to the jury. In Commonwealth v. Wolfe, 478 Mass.
142, 149-150 (2017), as an exercise of its superintendence
power, the court held that "the better practice is for a judge
to refrain from giving a Downs-type instruction absent a request
by the defendant or some rare set of facts that specifically
directs the jury's attention to the absence of alcohol-test

evidence." Animating the court's concern was that the Downs instruction could implicate the defendant's protection against self-incrimination under art. 12 of the Massachusetts Declaration of Rights because it draws the jury's attention to the lack of alcohol-test evidence, suggesting that the defendant may have refused a test or feared an unfavorable result. See id. at 147-148. See also Opinion of the Justices, 412 Mass. 1201, 1209 (1992) (refusal evidence may be used to show defendant feared failing alcohol test and thus held to violate privilege against self-incrimination under art. 12 of Massachusetts Declaration of Rights).

In this case, during the first day of deliberations, the jury asked for clarification on why there was no breathalyzer test evidence. A footnote in Wolfe specifically addressed this situation, stating that "it is the better practice to simply reiterate the general instruction not to speculate about matters not in evidence and, to the extent possible, refrain from reinforcing the jury's focus on items not in evidence by mentioning the lack of alcohol-test evidence." Wolfe, 478 Mass. at 150 n.13. In response to the jury's question here, the judge provided both the Downs instruction and a general instruction. Although the judge did more than merely reiterate the general instruction as the court in Wolfe had recommended, the defendant has not shown that the response was improper for two reasons.

First, the judge consulted defense counsel before delivering the Downs instruction, and defense counsel agreed that it was appropriate.  Therefore, although defense counsel did not affirmatively request the instruction, the judge complied with Wolfe by giving defense counsel the opportunity to elect whether the jury should receive it.  See Wolfe, 478 Mass. at 149 ("we conclude that typically a defendant should be able to elect whether the jury are instructed about the absence of alcohol-test evidence").  In fact, Wolfe does not prohibit a judge from having a discussion with defense counsel about whether to give the Downs instruction.

Second, Wolfe addressed the art. 12 concern that the jury will speculate about why alcohol-test evidence is missing.  This concern is diminished where, as in this case, the jury has independently asked for an explanation.  Accordingly, although the court in Wolfe stated that it is the better practice to respond to a jury question with a general instruction only, the court did not state that it is error to deliver the Downs instruction as well.  See Wolfe, 478 Mass. at 150 n.13.  Rather, in Wolfe, the court stated that it was error to instruct the jury on the absence of alcohol-test evidence against the defendant's wishes.  See id. at 149.  See also Commonwealth v. Waite, 422 Mass. 792, 807 n.11 (1996) (judge has broad discretion in responding to jury questions).

The defendant also claims that his trial counsel provided ineffective assistance by failing to obtain his consent to the Downs instruction. In support of the defendant's motion for a new trial, his trial counsel admitted that he was unaware of the Wolfe decision, and that if he had been aware, he would have advised the defendant not to agree to the Downs instruction. Even if counsel's performance was deficient in this manner, given our conclusion that providing the Downs instruction was not error in the circumstances of this case, the defendant cannot establish prejudice to meet the second prong of an ineffective assistance of counsel claim. See Commonwealth v. Keon K., 70 Mass. App. Ct. 568, 574 n.4 (2007), citing Commonwealth v. Curtis, 417 Mass. 619, 624 n.4 (1994) (if counsel's omission does not present substantial risk of miscarriage of justice, no basis for ineffective assistance of counsel claim under either Federal or State Constitution).[8]

---

[8] The defendant relies on Commonwealth v. Spring, 94 Mass. App. Ct. 310, 320-321 (2018), to support his claim that counsel's unawareness of relevant case law was manifestly unreasonable. We concluded in Spring that counsel's unfamiliarity with the law and failure to request an essential jury instruction fell below expectations of an ordinary lawyer. See id. However, in Spring, the jury instructions did not properly set out all elements of the charged offense. See id. In the present case, the jury instruction correctly addressed all elements of the charged offense, and the defendant has not shown that there was a substantial risk that the result of the jury's deliberations would have been different had the judge not administered the Downs instruction. See Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977) (defendant's burden to

Further diminishing any concerns of unfair prejudice was that the Commonwealth's case against the defendant was very strong, if not overwhelming:  the defendant collided with another car and misidentified where his car was damaged; he had bloodshot eyes, walked unsteadily, and his breath had an odor of alcohol; and he failed three field sobriety tests.[9]  Compare Commonwealth v. Bryer, 398 Mass. 9, 10, 17 (1986) (evidence "substantial and overwhelming" where defendant was observed speeding, was unable to balance, and was acting belligerently, with red, glassy eyes, and odor of alcohol).  We are therefore not left with serious doubt that the jury's verdicts would have been different if the defendant had been consulted and they had not heard the Downs instruction, and there was no miscarriage of justice warranting a grant of the new trial motion.  See Millien, 474 Mass. at 432; Grace, 397 Mass. at 307.

Judgments affirmed.

---

show that "better work might have accomplished something material for the defense").

[9] The defendant claims that tiredness and distraction caused the collision and that he failed the field sobriety tests because of his lack of fluency in English and a hip injury. Because of these alternative explanations, he asserts the Commonwealth's evidence was not overwhelming.  We disagree. "Merely offering the possibility of another scenario, based on an incomplete accounting of the evidence, is insufficient to meet the defendant's burden to show that the proffered evidence 'was likely to have influenced the jury's conclusion.'" Commonwealth v. Don, 483 Mass. 697, 710 (2019), quoting Commonwealth v. Barnett, 482 Mass. 632, 638 (2019).

<u>Order denying motion for a
new trial affirmed</u>.