NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-579

COMMONWEALTH

vs.

ROBINSON SOTO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial in Superior Court, the judge found the defendant, Robinson Soto, guilty of three counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B. The defendant argues that he was materially prejudiced by certain unobjected-to testimony at trial. We affirm.

1. Testimony of K.R. In a pretrial motion in limine, the Commonwealth stated that it expected one of the victims, K.R., to testify that the first person she told about the alleged sexual abuse was her older sister, A.R. The defendant did not object to the Commonwealth's motion, and it was allowed. At trial, however, K.R. appeared to testify that she first told her mother about the assault, her mother "kind of didn't believe"

her, and "then" K.R. told A.R about it.  Although the Commonwealth asserts that "a fair reading" of K.R.'s testimony is that she told her mother that the defendant had asked K.R. to kiss him in exchange for ice cream, not about the defendant's sexual assault, K.R. gave this testimony immediately after recounting the details of the assault.  Neither party sought to clarify K.R.'s testimony on this point, and the defendant did not object to the testimony or note any inconsistency with the Commonwealth's motion in limine.

The first complaint doctrine "permits a judge to admit testimony from the recipient of a complainant's initial report of sexual assault."  Commonwealth v. Rivera, 83 Mass. App. Ct. 581, 583 (2013), citing Commonwealth v. King, 445 Mass. 217, 218-219 (2005), cert. denied, 546 U.S. 1216 (2006).  Unlike its predecessor, the "fresh complaint" doctrine, first complaint evidence has stricter limitations.  Specifically, "we 'no longer permit in evidence testimony from multiple complaint witnesses, limiting the testimony to that of one witness' who, where feasible, will be the first person told of the assault." Commonwealth v. Aviles, 461 Mass. 60, 67-68 (2011), quoting King, supra at 242-243.

In the present case, to the extent that K.R. was understood to have testified that she reported the defendant's assault to

2

both her mother and older sister, the admission of that testimony was arguably inconsistent with the limitations on first complaint testimony discussed supra. Because the defendant did not object to this testimony, we review to determine whether this potential error created a substantial risk of a miscarriage of justice. See Commonwealth v. Almele, 474 Mass. 1017, 1019 (2016). That question turns on whether we have "a serious doubt whether the result of the trial might have been different had the error not been made." Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). We have no such doubt here. K.R.'s testimony about what she told her mother was brief and, as discussed, ambiguous. The defendant's contention that the testimony was prejudicial because it "unfairly bolstered [K.R.'s] credibility" is undermined by the fact that, according to K.R. herself, her mother did not initially believe her. Finally, in a bench trial, we presume that the judge "correctly instructed [herself] on the law of evidence" (quotation omitted). Commonwealth v. Sepheus, 468 Mass. 160, 170 (2014).

2. Testimony of Detective Lagoa. The defendant also contends that the testimony of Boston police Detective Darlene Lagoa was unfairly prejudicial and "improper backdoor first complaint testimony." We disagree. "While the first complaint doctrine prohibits piling on of additional complaint witnesses,

3

it does not exclude testimony that is otherwise independently admissible and serves a purpose other than to repeat the fact of a complaint and thereby corroborate the complainant's accusations" (quotations omitted).  Commonwealth v. Kennedy, 478 Mass. 804, 814 (2018).  On direct examination, Lagoa testified that she went to the hospital to speak to the two victims, attended a sexual assault intervention network interview, and took photographs of the victims' house for introduction in evidence at trial.  This testimony was limited in scope and did not reiterate any accusations, enhance the victims' credibility, or otherwise amount to the "piling on of additional complaint witnesses" (quotation omitted).  Id.  Lagoa addressed the substance of the victims' complaints and details of the police investigation only in response to defense counsel's questions on cross-examination.

Judgments affirmed.

By the Court (Neyman, Grant & Toone, JJ.[1]),

Clerk

Entered:  January 31, 2025.

---

[1] The panelists are listed in order of seniority.

4